**LEE M. GERSTEL v. WILLIAM CURRY'S SONS COMPANY, a Florida Corporation.**

20 So. (2nd) 802                                    January Term, 1945
January 23, 1945                                  Special Division A
Rehearing denied February 22, 1945

472

*Herbert U. Feibelman* and *McCune, Hiaasen & Fleming,* for appellant.

*H. H. Taylor* and *Aquilino Lopez, Jr.,* for appellee.

SEBRING, J.:

The appellant, Lee M. Gerstel, sued appellee, William Curry's Sons Company, a Florida corporation, as the maker of a promissory note not under seal alleged to have been executed and delivered by the corporation to the appellant on March 1, 1930. The declaration was filed on June 1, 1942. It alleged the making and delivery of the note in the sum of $6000.00 on March 1, 1930, payable on or before March 1, 1931, and that the obligation had not been paid, save and except that on November 6, 1937, the corporation by and through its president thereunto duly authorized had paid $50.00 on account of the debt and had specifically acknowledged in writing the obligation evidenced by the note and had promised to pay the same.

The defendant corporation filed pleas to the declaration, denying the execution of the note and asserting the five-year statute of limitations as a bar to suit. Thereafter many adversary pleadings were filed by the parties, including replications, rejoinders and surrejoinders, and demurrers and motions addressed thereto.

On January 7, 1944, the plaintiff, by leave of court, filed an amended declaration. The allegations of the amended declaration are in substance as follows: On October 18, 1906, a corporation known as William Curry's Sons Company was incorporated under the laws of the State of Florida. On March 1, 1930, the said corporation made, executed and delivered its promissory note not under seal to Lee M. Gerstel, the plaintiff, whereby it promised to pay to the order of the

said Gerstel the sum of $6000.00 on or before March 1, 1931, but did not pay the same. At numerous times during each year of the period beginning March 1, 1931, and ending February 29, 1936, the corporation maker, by one Milton W. Curry, its president, orally promised to pay the debt evidenced by the note but did not pay the same. The corporation was dissolved on August 13, 1936, by proclamation of the governor, pursuant to the provisions of Chapter 16880, Laws of Florida, General Acts of 1935. Thereafter until February 14, 1941, the stockholders, directors and officers of the dissolved corporation continued in business, handling the assets and affairs of the dissolved corporation as though it were still in existence and had not been dissolved. Milton W. Curry was the president, principal stockholder, director, statutory trustee and chief administrative and executive officer of the dissolved corporation. At numerous times during each year of the period beginning August 13, 1936, and ending February 14, 1941, the dissolved corporation, and the directors thereof as statutory trustees, by and through the said Milton W. Curry orally promised to pay the debt evidenced by the note but did not pay the same. On November 6, 1937, the said Milton W. Curry, acting for and in the name of the dissolved corporation, paid to the plaintiff the sum of $50.00 to apply on the note and then and there in writing acknowledged the debt and expressly waived the statute of limitations as a defense to suit on the note. On February 12, 1941, the stockholders of the dissolved corporation formed a new corporation under the laws of the State of Florida. The corporation charter was issued in the name William Curry's Sons Company, being the same name as that formerly held by the dissolved corporation. The new corporation is defendant in this suit. On February 14, 1941, the entire capital stock of the defendant corporation was issued to the stockholders of the dissolved corporation; the sole consideration for the issuance of the stock being the surrender and cancellation of stock held by said stockholders in the dissolved corporation, and the conveyance by the dissolved corporation of its assets in entirety to the newly formed corporation. The defendant corporation paid no considera-

tion to the dissolved corporation for the conveyance of assets, neither did the dissolved corporation or its statutory trustees receive anything of value for such conveyance. The defendant corporation now uses the name, minute books, corporate seal, stock book, letterheads, office furniture and equipment, supplies, properties, business locations, telephone directory listing, banking arrangements and bank accounts of the dissolved corporation. By reason of this course of dealing the defendant corporation is in fact a continuation of and a successor to the dissolved corporation, the dissolved corporation having become merged into and consolidated with the defendant corporation when the latter acquired the assets of the former without consideration; hence, the defendant corporation is liable upon the promissory note given by the dissolved corporation to plaintiff.

In due course the defendant demurred to the amended pleading on grounds, among others, that the amended declaration constituted a departure in pleading and in the cause of action sued upon. The demurrer was overruled and the defendant corporation was required to file pleas. Among the pleas filed were pleas raising the issue of the statute of limitations. The plaintiff, Gerstel, demurred to the pleas. On July 24, 1944, the cause came on for hearing on demurrer to pleas. After argument the trial court, upon motion of defendant, entered its order visiting the demurrer to the pleas back on the amended declaration and sustaining the defendant's demurrer thereto with leave to amend. The plaintiff refused to amend the amended declaration and final judgment was entered against him for refusal to plead further. This appeal is from the judgment.

The appellant assigns as error the entry of the order sustaining the defendant's demurrer to the amended declaration, and the entry of the final judgment upon appellant's refusal to plead further.

We find no error in the rulings appealed from. It is a good ground for demurrer that an amended declaration constitutes a material departure from the declaration sought to be amended, or introduces into the case another and distinct cause of action wholly different from the original cause sued

upon; a departure in pleading being a matter of substance for which demurrer will lie. Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 So. 171, 110 Am. St. Rep. 89; Eagle Fire Co. v. Lewallen, et al., 56 Fla. 246, 47 So. 947; Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 So. 922. This ground was expressly set up by the defendant corporation in its demurrer to plaintiff's declaration, but the demurrer was overruled and the defendant was required to file pleas. When the case came on to be heard further on plaintiff's demurrer to the pleas, the trial court, at the request of the defendant, again gave consideration to defendant's demurrer and entered an order sustaining it as against the amended declaration. This was a proper course of procedure, for it is a well-recognized rule of pleading that on demurrer the court will consider the whole record and give judgment against the party chargeable with the earliest substantial fault in pleading, notwithstanding the particular pleading demurred to may likewise be defective. Sanford v. Cloud, 17 Fla. 532; Reeves v. State, 29 Fla. 527, 10 So. 901; State v. Louisville & N. R. Co., 51 Fla. 311, 40 So. 885; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 So. 1024; Shelton v. Elsemann, 75 Fla. 644, 79 So. 75.

A departure in pleading results when a party quits or departs from the case which he has first made and has recourse to another which gives rise to a wholly distinct and different legal obligation against the defendant. See Livingston v. Malever, 103 Fla. 200, 137 So. 113, 118. In determining whether there has been such a substantial departure in after pleading as to authorize the court to sustain a demurrer to an amended pleading on such ground, the test is whether the matter introduced by way of amendment requires a different character of evidence for its support than would be required for proof of the antecedent pleading and whether proof of additional facts will be required to sustain the later pleading. Livingston v. Malever, supra; Falk v. Salario, et al., 108 Fla. 135, 146 So. 193; Ivey v. Southern States Power Co., 128 Fla. 345, 174 So. 834; Merchants & Bankers Guaranty Co. v. Downs, 128 Fla. 767, 175 So. 704; 41 Am. Jur. 504.

The original declaration filed in the cause on June 1, 1942, was upon a promissory note allegedly made and executed by the defendant corporation in March, 1930. The amended declaration filed on January 7, 1944, sought to hold the defendant corporation liable upon the same promissory note which, as it is alleged in the amended pleading, was made by another corporation of the same name but long since dissolved, upon the theory that by its having acquired the assets of the dissolved corporation without payment of consideration therefor, and under the circumstances alleged, the defendant corporation became successor to the dissolved corporation and bound as a matter of law to discharge the obligation of the dissolved corporation to the plaintiff. The amended declaration, which was filed against the defendant corporation almost thirteen years after the maturity date of the note, more than seven years after the dissolution of the corporation maker and the alleged revival of the debt by the written acknowledgment and promise to pay made by the statutory trustees of the dissolved corporation, and almost three years after the new corporation was created and had acquired the assets of the dissolved corporation, clearly departed from the first case made by the pleader and resorted to another and different cause of action and theory of liability the proof of which would have required an entirely different set of facts to support it than would have sustained recovery upon the first declaration. It was proper, therefore, for the trial court to have sustained the demurrer to the amended declaration on the ground of departure—indeed, it would have been error for it not to have done so.

Other questions argued in briefs have been duly considered but in view of the conclusion we have reached they are not material on this appeal.

The judgment appealed from should be affirmed.

It is so ordered.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.