589 So.2d 428 (1991)
Mary HATCHER, and the State of Florida Department of Health and Rehabilitative Services, Appellants,
v.
McArthur CHANDLER, Appellee.
No. 91-591.
District Court of Appeal of Florida, First District.
November 15, 1991.
William H. Branch and Joseph R. Boyd, Boyd & Branch, P.A.; Chriss Walker, Dept. of HRS, Tallahassee, for appellants.
Joann G. Slay, Harnett, Curry and Slay, Quincy, for appellee.
PER CURIAM.
Mary Hatcher and the State of Florida Department of Health and Rehabilitative Services have twice previously filed complaints against McArthur Chandler to determine the paternity of Patina Hatcher, a child allegedly fathered by Chandler sometime prior to June of 1972. The initial complaint, filed in November of 1987, alleged that Hatcher and Chandler were intimate in September of 1971 and that Hatcher gave birth to Patina some nine months later. When proof was furnished that Chandler was in the military service stationed in Viet Nam during all of September of 1971, Hatcher and HRS filed an amended *429 complaint in April of 1988 alleging that Hatcher and Chandler engaged in sexual relations in July of 1970 which resulted in Patina's birth. Once again, documentation in the court file established that Chandler was on active duty in Viet Nam during the time period in question.
In May of 1989, Hatcher and HRS moved to further amend the complaint previously filed stating that discovery conducted had "more precisely" indicated the time the parties engaged in the conduct that allegedly begat Patina. Finding that Hatcher and HRS were entitled to "only so many bites at the apple" and had "twice filed under oath complaints with allegations which proved to be false," the trial court granted Chandler's motion to dismiss the complaint sought to be amended, with prejudice. This appeal ensued.
Rule 1.190 Fla.R.Civ.P. provides that upon a party's request, "[l]eave of court shall be given freely when justice so requires." Florida's appellate courts have interpreted this provision to require that amendment be permitted unless there has been an abuse of the amendment privilege or the complaint is such that it cannot be made to state a cause of action by amendment. Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982); Sheffield v. Davis, 562 So.2d 384 (Fla. 2d DCA 1990). This liberal policy of allowing litigants freedom to amend their pleadings exists so that causes will be tried on their merits. David Miller Distributing Company, Inc. v. Florida National Bank at Arlington, 342 So.2d 856 (Fla. 1st DCA 1977).
In the instant case, the trial court found that Hatcher's allegations were baseless because Chandler proved that he was in the Republic of Viet Nam during the time periods alleged in her two prior complaints. Further, the trial court noted that Hatcher had alleged in her sworn complaints that the child, Patina, was born out of wedlock when in fact Hatcher was married at the time she gave birth in June of 1972. Although the two amendments and the misrepresentation concerning the child's legitimacy are troubling, it may also be true that confusion as to the dates is understandable given the remoteness of the events. We believe that, given the liberal policy in favor of amendment, Hatcher and HRS should be given the benefit of the doubt and permitted to amend their complaint.
Accordingly, the order of the trial court dismissing the complaint sought to be amended, with prejudice, is herewith REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
SMITH and MINER, JJ., and WENTWORTH, Senior Judge, concur.