650 So.2d 179 (1995)
Beatrice CRAIG, Appellant,
v.
EAST PASCO MEDICAL CENTER, INC. Appellee.
No. 94-01509.
District Court of Appeal of Florida, Second District.
February 8, 1995.
*180 Timothy F. Prugh, Prugh & Associates, Tampa, for appellant.
Robert D. Henry and Dawn M. Ikerd, Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
FULMER, Judge.
The plaintiff in a negligence action appeals a summary judgment contending that the trial court abused its discretion by denying her motion to amend the complaint. We agree and reverse.
On January 13, 1989, the plaintiff slipped and fell in a hospital in Zephyrhills. On July 28, 1992, she filed suit seeking damages for the injuries she claims resulted from the fall. The complaint named East Pasco Medical Center, Inc. as the sole defendant. Apparently, prior to the date of the plaintiff's fall, the hospital had been sold to another corporation which continued to operate it as East Pasco Medical Center. Both corporations had the same registered agent, who was served with the complaint.
The plaintiff moved to amend the complaint to name the correct party in late December 1993, after the defendant corporation moved for summary judgment on the basis that it was not the owner of the hospital. The trial court granted the defendant corporation's motion for summary judgment, denying the plaintiff's motion to amend.
We recognize that a ruling on a motion to amend the pleadings rests within the sound discretion of the trial court and will not be overturned unless abuse is demonstrated. However, the trial court's discretion should be exercised in accordance with the public policy of this state to freely allow amendments so that cases may be resolved on their merits. All doubts should be resolved in favor of allowing amendment. See Hatcher v. Chandler, 589 So.2d 428 (Fla. 1st DCA 1991). Florida Rule of Civil Procedure 1.190(a) states that "leave of court [to amend] shall be given freely when justice so requires." This is especially true when leave to amend is sought at or before a summary judgment hearing. See Montero v. Compugraphic Corp., 531 So.2d 1034 (Fla. 3d DCA 1988). "As a general rule, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Cooperative Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991).
Here, the trial court made no findings that any of those circumstances existed. Instead, the denial of amendment appears to have been based on the length of time the suit had been pending. We conclude that the trial court abused its discretion by not allowing the plaintiff to file her first amended complaint. Therefore, we reverse and remand with directions that the trial court *181 permit the plaintiff to file the amended complaint.
In her brief, the plaintiff characterizes the amendment as one that merely corrects a misnomer and, therefore, would relate back to the commencement of the action. Defendant characterizes the amendment as one which adds a new party and, thus, would not relate back. We do not address this issue since it must first be presented to the trial court after the amended complaint is filed.
Reversed and remanded with directions.
DANAHY, A.C.J., and ALTENBERND, J., concur.