666 So.2d 556 (1995)
Clyde W. CARTER, Appellant,
v.
Joseph C. FERRELL, Appellee.
No. 94-04219.
District Court of Appeal of Florida, Second District.
December 13, 1995.
Rehearing Denied January 16, 1996.
Ernest S. Marshall, Bradenton, for Appellant.
*557 Eric D. Bruce, Bradenton, for Appellee.
RYDER, Acting Chief Judge.
Clyde Carter seeks review of the lower court's denial of his motion to amend his pleadings to file counterclaims and defenses to Joseph Ferrell's cross claims against him. He also challenges the court's dismissal of his erroneously titled "third party complaint" against Ferrell. We find no error in the dismissal of the third party complaint, and affirm on that issue. We do, however, agree that Carter should have been allowed to amend his pleadings to assert his claims against Ferrell, and, therefore, reverse on the first issue.
This action began as a suit against Carter to foreclose a first mortgage encumbering property he owned. The foreclosure of that mortgage has been resolved and the first mortgagees are not parties to this appeal. Ferrell was joined as a defendant in the suit because he held a junior mortgage on Carter's property. Ferrell filed a cross claim against Carter to foreclose his second mortgage. Carter, who was not represented at the time, attempted to allege the defense of payment against Ferrell by filing a "third party complaint." The lower court dismissed this complaint, but allowed Carter to assert the defense. Trial on all issues was set for October 25, 1993.
Carter retained counsel, who filed a notice of appearance on September 9, 1993, approximately nine months after the original suit was instituted. On October 6, 1993, Carter's counsel moved for leave to file counterclaims and defenses to Ferrell's cross claim. A copy of the proposed pleading was attached to his motion. Carter asked that the trial be continued so he could file his amended pleading. The court denied both his motion to amend and his motion to continue. In fact, however, the trial was continued because of scheduling conflicts to January 17, 1994. On January 11, 1994, Carter petitioned this court for certiorari review of the lower court's written order denying his motion to amend his pleadings, rendered December 21, 1993. We denied his petition without opinion on April 29, 1994. Carter then renewed his motion to amend in the trial court on May 2, 1994. The court again denied his motion, and set the trial for October 10, 1994. After trial, the court entered judgment in favor of Carter on Ferrell's complaint to foreclose his second mortgage.
Both Carter and Ferrell have presented argument on the issue of whether Carter's claims were compulsory counterclaims to Ferrell's cross claim. We do not need to reach this issue to decide this case, so we will not discuss it. The public policy of Florida is to freely allow amendment of pleadings. Craig v. East Pasco Medical Center, Inc., 650 So.2d 179 (Fla. 2d DCA 1995); Ohio Cas. Ins. Co. v. MRK Const., Inc., 602 So.2d 976 (Fla. 2d DCA 1992); Fla.R.Civ.P. 1.190(a) (leave of court shall be given freely, when justice so requires, to allow pleadings to be amended). Although Carter's request initially came just before trial, the case had been pending less than a year. While we recognize that a trial court's ruling on an amendment rests within its sound discretion, refusal to allow an amendment constitutes an abuse of discretion unless it clearly appears that the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile. Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Co-op Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991), review dismissed, 598 So.2d 76 (Fla. 1992). Any potential prejudice to Ferrell could have been cured by granting a continuance, and, as it turned out, the case was in fact continued for reasons unconnected to the motion. Moreover, this was Carter's first request to amend his pleadings. Under these circumstances, we hold that the trial court abused its discretion when it denied the motion to amend. Because Carter has prevailed on Ferrell's claim against him, his motion to add affirmative defenses is now moot. We reverse and remand to the trial court to permit Carter to amend his pleadings to add his counterclaims against Ferrell.
Affirmed in part, reversed in part and remanded.
LAZZARA and WHATLEY, JJ., concur.