667 So.2d 967 (1996)
LIFE GENERAL SECURITY INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Deborah HORAL, Appellee/Cross-Appellant.
Nos. 94-1918, 94-3054.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
*968 Raoul G. Cantero, III, and Jared Gelles, of Adorna & Zeder, P.A., Miami, for appellant/cross-appellee.
Jeffrey M. Liggio of Liggio & Luckman, and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
Life General Insurance Company (Life General) appeals the award of health insurance benefits to its insured, Deborah Horal. The appellant contends that the trial court erred in denying Life General's motion to amend its pleadings to include an affirmative defense and counterclaim alleging omissions on Ms. Horal's insurance application.
When applying for the insurance, Ms. Horal denied ill health, and in response to a question concerning prior treatment, she acknowledged a D & C two years before, but indicated that as to results, the D & C was "OK."
The policy was issued, and about a month later the appellee was treated for serious gynecological problems. This lawsuit resulted from the denial of benefits by Life General.
In response to the claim investigation, the treating physician provided only a portion of his records to Life General, and it was only much later, during discovery, that Life General obtained that physician's complete records and learned that Ms. Horal had been treated for similar problems a few months before applying for the insurance. Ms. Horal's deposition testimony, given earlier in the lawsuit, did not reveal that prior treatment.
When Life General learned of the prior treatment, it moved to amend its pleadings to assert an affirmative defense based on the omissions by Ms. Horal in the insurance application, and to assert a counterclaim for recision of the insurance contract. The court denied the motion, finding that "through the exercise of reasonable diligence the insurance company could have found out about [the omission] and they certainly had the right to go and look and did not."
*969 The case proceeded to trial at which time Life General renewed its motion to amend, without success. The motion was also renewed several times during trial, and was denied.
The appellant suggests that the trial court was without discretion to deny the motion. It reasons that since its answer set forth affirmative defenses to which the appellee did not reply, it was entitled to amend its answer "as a matter of course at any time before a responsive pleading is served...." Fla.R.Civ.P. 1.190(a).
Rule 1.100(a) includes the provision, "If an answer ... contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance." Further, a portion of rule 1.140(a)(1) states, "If a reply is required, the reply shall be served within 20 days after service of the answer." Since no reply was ever served, the appellant urges, it still had the absolute right to amend its answer.
The fallacy in the appellant's argument is that the appellee need only have replied to the affirmative defenses if she sought to avoid them. A reply was optional, not required, and the appellant, therefore, was not entitled to amend as a matter of course.
We acknowledge that the court's decision to permit or refuse amendment to pleadings should not be disturbed on appeal in the absence of an abuse of discretion. Horacio O. Ferrea N. Am. Div., Inc. v. Moroso Performance Prods., Inc., 553 So.2d 336 (Fla. 4th DCA 1989). However, leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile. Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993). In this case, we find that amendment should have been permitted, and therefore reverse.
Since Life General had not sought to amend its pleadings before the instance we now review, it cannot be said that the appellant has abused the privilege.
Further, Ms. Horal would be hard pressed to complain of prejudice since the facts eliciting the proposed amendment were known by her, but concealed from the appellant, only to be uncovered at the time the amendment was sought. True, the trial judge found that the appellant could have discovered the information through the exercise of reasonable diligence, but the appellee's own conduct interfered with those efforts. The record does not show how the appellee would be subjected to hardship or prejudice by permitting the amendment. We are also mindful of the policy of liberality in permitting litigants freedom to amend pleadings so that causes will be tried on their merits. Hatcher v. Chandler, 589 So.2d 428 (Fla. 1st DCA 1991).
Finally, on the question of futility, the insurance contract limited the contestability to two years after the effective date of the policy, absent fraud. Although Life General did not contest the policy until after expiration of the two year limitation, the proffered amendment filed with the motion to amend does allege fraud.
This decision makes it unnecessary to address Ms. Horal's cross-appeal claiming entitlement to prejudgment interest.
REVERSED AND REMANDED.
DELL, STONE, JJ., and MARTIN D. KAHN, Associate Judge, concur.