HAZOURI, J.
George Scott (Scott) and Tomas Jansson (Jansson), two of the plaintiffs below, appeal from the final judgment and the denial of their motion for rehearing in the declaratory judgment action they filed against appellee, Gary Trevett (Trevett). Scott and Jansson argue that the trial court abused its discretion in refusing to permit them to amend their complaint on the first day of trial. We reverse.
On August 26, 1997, Scott filed a complaint against Trevett and requested the trial court determine the validity of Scott and Trevett’s written contract. Their contract provided that Scott would embark on his professional boxing career with Trevett as his manager. The complaint requested the trial court declare that Scott had no obligation to Trevett under the contract because Trevett was not licensed as a boxing manager at the time the contract was executed, as required by section 548.017,[1] Florida Statutes (1991). On September 4, 1997, before Trevett filed a responsive pleading, an amended complaint was filed without leave of court which added five more plaintiffs,[2] including Jansson, who also had boxing management contracts with Trevett. See Fla. R. Civ. P. 1.250(c). After Trevett’s motion to dismiss was denied, he filed an answer to the amended complaint, interposed thirteen affirmative defenses, and filed a counterclaim against all the plaintiffs except Scott for money lent and to enjoin all the plaintiffs from contracting with any other manager. Less than two months later the trial court granted the plaintiffs’ motion for leave to file a second amended complaint to add another plaintiff.[3] Trevett filed his answer to the second amended complaint on January 20,1998.
On that same date the plaintiffs filed their motion for summary judgment asserting there were no issues of fact and that the contracts should be declared void because Trevett was not licensed as a boxing manager when he entered into each of the contracts with the plaintiffs. The plaintiffs also asserted that under chapter 548 the 85% commission to be paid Trevett under the plaintiffs’ contracts was in excess of the 33/é% commission provided by rule 61Kl~1.011(3)(d) of the Florida Administrative Code.[4] Trevett’s memorandum in opposition to the motion argued that the plaintiffs had not pled the commission issue and the trial court subsequently denied the motion without prejudice on February 26,1998.
The case was set for trial the week of June 8, 1998. In the joint pretrial stipulation filed on June 3, the plaintiffs stated that in addition to the licensing issue originally pled, the contracts were void due to *618 the commission overcharge and because the contracts were not filed within seven days of their execution as required by rule 61Kl-1.011(3)(c) of the Florida Administrative Code.[5] Trevett objected to these issues as not raised by the pleadings. The next day the plaintiffs filed a motion for leave to file their third amended complaint. The record on appeal does not contain an order ruling on the motion. However, on June 20, the first day of trial, the plaintiffs orally renewed the motion to amend. The trial court denied the motion stating that “you don’t make motions to amend on the day of trial.”
Under rule 1.190(a) of the Florida Rules of Civil Procedure a party may amend a pleading with leave of court and “leave of court shall be given freely when justice so requires.” In Life General Security Insurance Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996), this court stated:
[T]he court’s decision to permit or refuse amendment to pleadings should not be disturbed on appeal in the absence of an abuse of discretion. However, leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.
(Citations omitted.)
In the plaintiffs’ first and second amended complaints, other parties who had similar management contracts with Trevett were added as plaintiffs. We find that the plaintiffs’ requested third amendment was not an abuse of the privilege. The futility test in Horal essentially applies in cases where a party has repeatedly attempted to state a cause of action where none exists and any further attempts would be futile. That is not the case here.
Trevett was aware of the two new issues plaintiffs wanted to present prior to trial. Months before trial, when the motion for summary judgment was filed, Trevett was made aware of the commission overcharge issue. The issue of the manager’s duty to file the contract was raised more than two weeks before trial in the joint pretrial stipulation. Both issues concerned the application of administrative rules to the parties’ contracts. Their inclusion did not require further discovery or additional witnesses and Trevett cannot claim surprise. We find that the trial court abused its discretion in denying the plaintiffs’ motion to amend.
Jansson also appeals from the judgment for Trevett on his counterclaim for money he loaned to Jansson for his expenses. That transaction was not pursuant to the terms of their management contract. Contrary to Jansson’s assertion that the money was a gift from Trevett, we find that there was evidence presented upon which the trial court could find that Trevett loaned Jansson the money and expected to be repaid. The judgment against Jansson on Trevett’s counterclaim for money lent is affirmed.
For the foregoing reasons, the declaratory judgment is reversed for a new trial after Scott and Jansson amend their complaints. The judgment for Trevett against Jansson for money lent is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
FARMER and KLEIN, JJ., concur.

. (1) A professional participant, manager, trainer, second, timekeeper, referee, judge, announcer, physician, matchmaker, or booking agent or representative of a booking agent shall be licensed before directly or indirectly acting in such capacity in connection with any match involving a professional.
(2) A violation of this section is a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

. The added plaintiffs were Leif Keiski, Roar Petajamaa, Jyri Kjall, Tomas Jansson, and Attila Levin.

. Ismael Kone.

. ©Contracts Between Manager and Participant
[[Image here]]
(d) No contract shall be entered into which entitles a manager or group of managers to a total fee in excess of 33 % percent of the gross earnings of the participant, and no contract containing such a provision shall be valid or binding.

. (3) Contracts Between Manager and Participant.
[[Image here]]
(c) All contracts shall be in writing and shall be filed with the commission within 7 calendar days of execution. The commission shall be notified immediately of any changes in contractual status, which change shall be in writing, signed by all parties to the contract and filed with the commission within 7 calendar of execution.