ALTENBERND, Judge.
West Coast-Southern Medical Service, Inc. (West Coast), appeals the trial court’s order dismissing with prejudice West Coast’s petition for writ of mandamus, stay, and temporary injunction. We reverse.
Sarasota County Public Hospital Board (Hospital Board) issued a Request for Proposal for critical care inter-facility ambulance service. Both West Coast and Sarasota County Government Emergency Services Fire Department (Fire Department) responded with proposals. The Hospital Board awarded the contract to the Fire Department.
West Coast filed a petition with the circuit court for writ of mandamus, stay, and temporary injunction to enjoin the contract award pending a formal administrative hearing under the Administrative Procedure Act. See ch. 120, Fla. Stat. (1999). The petition alleged that the Hospital Board’s award of the contract to the Fire Department was arbitrary and capricious on multiple grounds, including (1) a rate quote in violation of Sarasota County Ordinance 99-084, which mandates a higher price for critical care transport; (2) the Fire Department’s alleged lack of training, experience, equipment, resources and capability to perform the contract; and (3) alleged “favoritism, oppression, fraud, misconduct,” or collusion between the Hospital Board and Fire Department employees.
At the hearing, West Coast admitted that the Hospital Board was not an agency subject to the APA, but moved to have the trial court treat its petition as a petition for certiorari. It requested leave to amend its petition. The trial court denied West Coast’s ore tenus motions and dismissed its petition with prejudice, stating that the Hospital Board was not subject to the APA, that West Coast failed to plead or show a right to administrative review of the contract award, and that West Coast failed to plead or show “that the Board took any action that would compel this Court to interfere with the Board’s judgment. ...”
“Generally, the trial court will give leave to amend a deficient complaint unless there has been an abuse of the amendment privilege, or the complaint shows on its face that there is a deficiency which cannot be cured by amendment.” Affordable Homes, Inc. v. Devil’s Run, Ltd., 408 So.2d 679, 680 (Fla. 1st DCA 1982). A trial court’s refusal to allow a party to amend is generally an abuse of discretion unless an amendment would be futile or would prejudice the opposing party. See Craig v. East Pasco Med. Ctr., Inc., 650 So.2d 179 (Fla. 2d DCA 1995). In this case, West Coast had not previously amended its petition and thus had not abused the amendment privilege. The trial court’s order does not state that amendment would be futile or that it would prejudice the Hospital Board or the Fire Department. While we are uncertain whether West Coast can ultimately plead a claim in certiorari, the record does not establish that such an effort would be futile.
Therefore, we reverse and remand with directions to the trial court to allow West Coast to file, within thirty days of this court’s mandate, an amended petition for certiorari attempting to plead a cause of action.
Reversed and remanded.
PATTERSON, C.J., and STRINGER, J., Concur.