792 So.2d 680 (2001)
VIDEO INDEPENDENT MEDICAL EXAMINATION, INC., a Florida corporation, Appellant,
v.
CITY OF WESTON, a Florida municipality, Appellee.
No. 4D00-4148.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
*681 John R. Young of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, and Michael L. Feinstein, Fort Lauderdale, for appellant.
Jamie Alan Cole, Mitchell J. Burnstein and Matthew H. Mandel of Weiss, Serota, Helfman, Pastoriza & Guedes, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant sought a declaratory judgment and supplemental relief, asserting appellee's failure or refusal to issue to appellant certain construction development orders and building permits. The court abated the action and ordered appellant to seek administrative relief. Nearly two years after appellant's initial complaint was filed in this action, the appellee issued the requested orders and permits. The court then determined that the issue before it was moot, refused to permit appellant to amend its complaint to seek damages for appellee's delay in issuing the requested permits, and entered final judgment for the appellee. Because we find that the court's refusal to permit appellant to amend was an abuse of discretion,[1] we reverse and remand for further proceedings.
A trial court's ruling on a motion to amend a complaint will be reviewed on appeal for abuse of discretion. Dimick v. Ray, 774 So.2d 830, 832 (Fla. 4th DCA 2000). The primary consideration in determining whether a motion for leave to amend should be granted is a test of prejudice, and such leave "should not be denied unless the privilege has been abused or the complaint is clearly not amendable." New River Yachting Ctr., Inc. v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981). "[R]efusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile." Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993); accord Carter v. Ferrell, 666 So.2d 556, 557 (Fla. 2d DCA 1995).
The privilege to amend has not been abused here, nor would allowing appellant to amend its complaint prejudice appellee as the case is only in the pleading stage which leaves appellee ample time to answer and prepare a defense. See Dimick, 774 So.2d at 833. Although the trial court expressed the view that appellant could bring a separate suit for any alleged damages, the preference of the rules of procedure is for all claims to be brought in one action, even by amendment of a complaint provided that the amendment does not prejudice the defendant. Id. at 834.
The judgment is reversed and the cause remanded with instruction that appellant be given leave to amend its complaint.
REVERSED and REMANDED.
FARMER, STEVENSON, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.
NOTES
[1] We express no view on the merits of appellant's proposed amendment.