STONE, J.,
dissenting.
I cannot conclude that the trial court’s decision constitutes an abuse of discretion.
While courts must liberally allow amendments to pleadings where justice so requires, this “liberality” gradually diminishes as the case progresses to trial. Allett v. Hill, 422 So.2d 1047, 1049 (Fla. 4th DCA 1982). A trial court has the discretion to deny further amendments where a case has progressed to a point that liberality ordinarily to be indulged has diminished. Price v. Morgan, 436 So.2d 1116, 1122 (Fla. 5th DCA 1983). What interval is sufficient or insufficient, it seems to me, will vary from case to case.
This case is not one that is only in the pleading stages, as in Video Independent Medical Examination Inc. v. City of Weston, 792 So.2d 680, 681 (Fla. 4th DCA 2001), leaving the defendant with ample time to answer and prepare a defense. Similarly, I note that in Dimick v. Ray, 774 So.2d 830 (Fla. 4th DCA 2000), relied on by Appellant, leave to amend was requested at the summary judgment stage. In upholding leave to amend in Dimick, this court distinguished the Dimick facts from circumstances in which a trial is imminent. 774 So.2d at 835.
In my judgment, this case falls into a gray area in which a trial judge should have discretion to determine whether to permit a late amendment. Here, not only was it six weeks to trial, the trial court recognized that, although Newman claimed she had only recently discovered the information, she could have discovered the information much earlier. This also was not a case in which the defendant’s own conduct interfered with the plaintiffs efforts to discover information. See Life Gen. Sec. Ins. Co. v. Horal, 667 So.2d 967, 969 (Fla. 4th DCA 1996). There is no explanation why Mr. Mata’s deposition was not taken until three months before trial. See San Martin v. Dadeland Dodge, Inc., 508 So.2d 497 (Fla. 3d DCA 1987)(denying motion to amend made on the eve of trial where plaintiff, in the exercise of due diligence, should have been aware of alleged basis for proposed fraud count long before he sought to amend his complaint).
Clearly, amendments to pleadings must be liberally allowed so that cases may be resolved on their merits. However, there are also compelling case management responsibilities on the court. Brown v. Montgomery Ward & Co., 252 So.2d 817, 819 (Fla. 1st DCA 1971)(concluding that the trial court did not abuse its discretion in denying appellant the right to file amended complaint two weeks before scheduled trial and after several years of pendency in court).
I would, therefore, affirm.