WELLS, Judge.
Alain Murga appeals from an order dismissing his class action complaint against insurer United Property & Casualty Insurance Company. Rule 1.220 of the Florida Rules of Civil Procedure governing pleadings in class action cases requires the plaintiff to allege the existence of a class; to define the alleged class; to specify the approximate number of class members; and to “demonstrate that the four prerequisites specified in rule 1.220(a) are satisfied and that the action meets the criteria for one of the three types of class actions defined in rule 1.220(b).” Bobinger v. Deltona Corp., 563 So.2d 739, 742 (Fla. 2d DCA 1990). Murga’s complaint demonstrates that his claim cannot satisfy the criteria of any of the three types of actions defined in Rule 1.220(b). Because amendment in this case would be futile, the action was properly dismissed. See Kay’s Custom Drapes, Inc. v. Garrote, 920 So.2d 1168, 1171 (Fla. 3d DCA 2006)(quoting Kimball v. Publix Super Mkts., Inc., 901 So.2d 293, 296 (Fla. 2d DCA 2005), observ *483 ing that “[r]efusaJ to allow an amendment is an abuse of the trial court’s discretion ‘unless it clearly appears ... amendment would be futile.’ State Farm Fire & Cas. Co. v. Fleet Fin. Corp., 724 So.2d 1218, 1219 (Fla. 5th DCA 1998).”); Carter v. Ferrell, 666 So.2d 556, 557 (Fla. 2d DCA 1995)(observing that “refusal to allow an amendment constitutes an abuse of discretion unless it clearly appears that ... amendment would be futile”).
Accordingly, the order under review is affirmed.
LAGOA, J., concurs.