DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**BAUM CHIROPRACTIC CLINIC PA**
a/a/o **ROSARIO ORTUNO,**
Appellee.

No. 4D21-84

[June 30, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Mardi Levey Cohen, Judge; L.T. Case Nos. 062014SC002823AXXXCE and 062018AP019208AXCCCE.

Nancy W. Gregoire of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, for appellant.

Todd Landau of Todd Landau, P.A. Hollywood, for appellee.

KUNTZ, J.[1]

State Farm Mutual Insurance Company appeals a final judgment entered in favor of Baum Chiropractic Clinic PA. The sole issue on appeal is whether the county court abused its discretion when it denied State Farm's motion to amend its answer and add affirmative defenses. We affirm.

In 2014, Baum Chiropractic filed a complaint alleging breach of contract against State Farm. State Farm answered the complaint but did not assert any affirmative defenses.

More than four years later, the court entered an order setting trial. The order required the parties to file a joint pretrial stipulation. The parties

---

[1] The case caption on the Notice of Appeal calls the appellee "Baum Chiropractic, P.A. a/a/o Rosario Ortuno." But the case caption on the final judgment on appeal refers to the appellee as "Baum Chiropractic Clinic PA." For purposes of this opinion, we use the appellee's name as it appears on the final judgment.

did so and agreed that "[t]he lawsuit involve[d] a determination of whether the treatment rendered by [Baum Chiropractic] was related to the motor vehicle accident, [was] medically necessary, and reasonable in price."

Six days before trial, State Farm moved for leave to amend its answer and add several affirmative defenses. State Farm wanted to amend its answer to add that: it could set-off PIP payments made pre-suit for services not found reasonable, related, or medically necessary; Baum Chiropractic's claims were barred by section 627.736(5)(b)(1)(c), Florida Statutes because it submitted bills for treatments not actually rendered; Baum Chiropractic upcoded CPT codes; Baum Chiropractic unbundled services; and Baum Chiropractic failed to send the appropriate pre-suit demand letters. Finding Baum Chiropractic would suffer prejudice, the court denied State Farm's motion.

While "[t]he Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings," *Morgan v. Bank of New York Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016), this "policy" narrows as a case approaches trial. *See, e.g., Horacio O. Ferrea N. Am. Div., Inc. v. Moroso Performance Prods., Inc.*, 553 So. 2d 336, 337 (Fla. 4th DCA 1989) ("[T]he record supports the trial court's findings that [defendant]'s amendment would concern matters that were known to it for a long, long time and that the plaintiff would be prejudiced since they had not been able to conduct any discovery or prepare a defense to [defendant]'s assertions.").

The policy of allowing amendment also requires a court to consider whether the non-moving party would be prejudiced by the proposed amendment. *Dimick v. Ray*, 774 So. 2d 830, 833 (Fla. 4th DCA 2000) ("[T]he trial court must liberally allow amendments to a complaint unless the defendant would be 'prejudiced' thereby.").

For more than four years, the primary issues in this litigation related to the reasonableness of Baum Chiropractic's charges and State Farm's reimbursement method. Yet State Farm sought to change the primary issues six days before trial. On these facts, we cannot conclude the county court abused its discretion when it denied State Farm's motion to amend its answer.

The county court's order is affirmed.

*Affirmed.*

DAMOORGIAN and ARTAU, JJ., concur.

2

*        *        *

*Not final until disposition of timely filed motion for rehearing.*