456 So.2d 556 (1984)
Herbert R. PHILLIPS and Annette H. Phillips, Appellants,
v.
Arthur B. CHOATE, Appellee.
No. 83-1679.
District Court of Appeal of Florida, Fourth District.
September 26, 1984.
Philip E. Morgaman of Morgaman & Camillo, Fort Lauderdale, for appellants.
Cromwell A. Anderson of Patton & Kanner, Miami, for appellee.
DOWNEY, Judge.
Herbert R. Phillips and Annette H. Phillips, plaintiffs in an action for declaration of a constructive or express trust on the proceeds from the sale of a parcel of real property, appeal from a summary judgment for Arthur B. Choate on their complaint, based on their failure to join an indispensable party, Mark S. Phillips.
This litigation began on August 17, 1982, when a complaint naming Herbert R. Phillips, Annette H. Phillips, and Mark S. Phillips as plaintiffs was filed against Choate. In material part that complaint alleged the following things. On August 16, 1978, all the named parties and a corporation (which no longer was an interested party) entered *557 into a written agreement relative to numerous things including the disposal of real property, known as The Boatyard, that belonged to the parties. However, no recorded deed showed the parties' respective interests in that property. Pursuant to the agreement, Choate was to sell the property and disburse the proceeds to Choate and to the Phillipses. However, Choate intended to deprive the Phillipses of their share of the proceeds, and thus they sought to prohibit Choate from selling the land and distributing the proceeds in any way other than that prescribed by the agreement.
After filing an answer, Choate moved to dismiss as to Mark S. Phillips as a sanction because he failed to appear for a deposition. The court on January 19, 1983, dismissed the action as to Mark.
On March 16, 1983, Herbert, on his own behalf and as agent for Mark and Annette, filed an amended complaint against Choate. In addition to repeating the material allegations of the original complaint, it alleged that Mark had appointed Herbert as his attorney in fact pursuant to a power of attorney Mark had executed April 15, 1979, and that Herbert had assigned to himself Mark's interest in The Boatyard.
Choate moved for summary judgment on the ground that the amended complaint failed to include an indispensable party, Mark S. Phillips. It was undisputed that Mark is a fugitive from justice and not available to proceed as a party in this litigation. The court entered an order in which it held that Choate was entitled to judgment as a matter of law since there was a failure to join an indispensable party, Mark S. Phillips.
Mr. and Mrs. Phillips raise numerous points that do not require extensive treatment. The primary point on appeal is that the order under review is erroneous because Mark S. Phillips is not an indispensable party. A subsidiary issue is whether Herbert R. Phillips is the assignee of Mark's interest. Without making any decision on the validity of the power of attorney, we hold that the assignment is ineffective under the facts of this case because the agreement in question prohibits any assignment, without the express written consent of all parties to the agreement. See 4 Fla.Jur.2d Assignments § 4.
Accordingly, the question with which we must deal is whether the circuit court properly concluded that Mark S. Phillips was an indispensable party to the present action for imposition of a trust on the proceeds of any sale of the real property referred to in the agreement of August 16, 1978.
In Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, 160 (1855), the Supreme Court said that the parties necessary to a lawsuit are:
"[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."
It recognized that not all necessary parties are indispensable to the maintenance of a lawsuit by saying that indispensable parties are:
"[p]ersons who have not only an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."
Ibid.
Florida has adhered to those definitions. See Martinez v. Balbin, 76 So.2d 488 (Fla. 1954), and cases cited therein.
A later Supreme Court decision has articulated the manner in which a court applies the foregoing principles in order to resolve a motion to dismiss for failure to join an indispensable party:
To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts that matter the wrong way around: a court does not know whether a particular person is "indispensable" until it has *558 examined the situation to determine whether it can proceed without him.
Provident Tradesmens B & T Co. v. Patterson, 390 U.S. 102, 119; 88 S.Ct. 733, 743; 19 L.Ed.2d 936 (1968).
Thus, the real question in this case is whether the litigation can proceed without Mark S. Phillips.
Choate argues that this litigation cannot proceed without Mark because Mark is a joint obligee. He contends that all joint obligees must join in an action against a defendant who purportedly owes a joint obligation and the failure of one obligee to join in the action requires its dismissal on indispensable party grounds.
While at common law the general rule was that all parties having a joint interest in the subject of a contract action had to be joined as plaintiffs, see 39 Fla. Jur.2d Parties § 13, it is not now always the case that inability of some joint obligees to join another obligee requires dismissal for failure to join an indispensable party.
There is perhaps good reason for joinder of all joint obligors or obligees where that is feasible. In either case completeness of judgment and avoidance of unnecessary litigation will be furthered, in the social interest. In the case of joint obligees, their joinder will also protect the defendant from undue harassment. He has incurred only a single obligation and should be sued only once for it. But while these reasons are entitled to weight, they scarcely warrant the denial of substantive justice to the present obligees, or to obligees who can find only some of their joint obligors. And none of the other considerations listed above apply; absentees will not be prejudicially affected, nor will present parties by a judgment which does not bind absentees (except only as this leaves the floor open to further suits). There is then no justification for a rule which will stop the action for want [of] unavailable joint obligors or joint obligees.
James, Necessary and Indispensable Parties, 18 U. of Miami, L.R. 68, 84 (emphasis added).
See also 7 Wright & Miller, Federal Practice and Procedure: Civil § 1613. In view of the above quoted pronouncement in Provident Tradesmens, a determination whether litigation can proceed does not turn on the legal status of the missing person as a joint obligee; rather it turns on that legal status as applied to the facts of the case. The question is not whether a lawsuit should continue without a joint obligee but whether on the facts of the case it can proceed without a particular joint obligee.
The facts of the present case, as previously set forth in the summary of the pleadings, demonstrate that Herbert R. Phillips and Annette Phillips will not be able to resolve their claim against Choate if the order under review stands. It appears to us that the only harm to Choate in the event this litigation continues without Mark, and Choate prevails, is that Choate may have to face subsequent litigation by Mark on substantially the same claim his parents make. We do not think this is enough to permit a holding that the present litigation cannot continue and that we must therefore label Mark as an indispensable party.
The following reasons support this conclusion. First, a court ought not dismiss an action on the grounds of failure to join an indispensable party if dismissal would foreclose the claim of the present plaintiffs and the only adverse result of failure to dismiss is a possible subsequent action against the defendant by the missing party. See Annot., Dismissal  Joinder Not Feasible, 21 A.L.R.Fed. 12, §§ 9[g], 12 (1974). Second, the circuit court, if it deems it appropriate in the present case, might condition maintenance of this action on Mr. and Mrs. Phillips's indemnifying Choate for any attorney's fees and other costs he incurs upon a successful defense against a substantially similar claim that Mark S. Phillips might make at some future date. Third, the result of this litigation *559 cannot prejudice any interest Mark might have in the proceeds of the sale of The Boatyard. If Mr. and Mrs. Phillips prevail against Choate, the court can direct Choate, if he makes a sale of The Boatyard, to pay into the registry of the court whatever percentage the entire Phillips interest in the proceeds of the sale is. All Choate would ultimately be entitled to, if the Phillipses prevail on their claim for imposition of a trust, is a proportion of the proceeds of any future sale; he cannot complain that his interest in the proceeds of a future sale of The Boatyard is being diminished by Mark's absence from the litigation. The court can leave to another day a ruling as to any interest Mark might have in whatever the court finds the Phillips family's portion of the proceeds to be. Thus, an equitable weighing of the interests of the present parties leads to the conclusion that the litigation should be allowed to continue even though Mark S. Phillips is not available to join as a plaintiff.
For the foregoing reasons, we reverse the summary judgment appealed from and remand the cause for further proceedings.
REVERSED and REMANDED, with directions.
ANSTEAD, C.J., and GLICKSTEIN, J., concur.