DELL, Judge.
This appeal and cross appeal arise out of an action to foreclose a mechanic’s lien and for breach of contract. Appellant contends the trial court erred when it determined at the close of all the evidence that appellant had failed to join an indispensable party and accordingly entered a final judgment of involuntary dismissal. Appellant also contends the trial court erred when it denied Rose Meyerowich’s motion to intervene in the proceedings prior to the entry of the final judgment. We agree and reverse. Appellee has failed to demonstrate error in its points raised on cross appeal.
Appellant, Eugene Meyerowich, owned a retail flooring store located in Tequesta, Florida, known as Courtyard Carpets and Paint. Appellant does not dispute the trial court’s finding that his wife, Rose Meyero-wich, was a partner of Courtyard Carpets and Paint. Appellant, pursuant to a contract with Carrere General Contractors, Inc. (hereinafter “Carrere”), furnished materials and performed work at premises leased by Supercuts, Inc, and owned by Northlake Picadilly Associates Limited Partnership. On February 1, 1990, appellant filed a claim of lien on the work performed and materials furnished. On March 5, 1990, Carrere filed a notice of contest of lien. Appellant filed suit on May 4, 1990 as required by section 713.22(2), *42 Florida Statutes (1989), to foreclose the lien. The complaint also sought damages for breach of contract. The lien was transferred to a cash bond posted by Carrere and Carrere became the sole defendant in the pending action. Carrere counterclaimed against Meyerowich for breach of contract.
In February, 1991, the case proceeded to a nonjury trial. At the close of all the evidence and following appellant’s closing argument, appellee moved for an involuntary dismissal of Meyerowich’s action for failure to join an indispensable party. Ap-pellee claimed and the trial court agreed Rose Meyerowich was a partner of Courtyard Carpets and Paint. In response, Rose Meyerowich, through her attorney, moved to intervene in the proceedings pursuant to rule 1.230, Florida Rules of Civil Procedure. She did not, by her motion to intervene, seek to interject new or different issues into the case and accepted the pleadings and evidence as presented at the time of her motion. The trial court denied her motion and, on March 6, 1991, entered a final judgment of involuntary dismissal.
The final judgment also contained the trial court’s finding that appellee breached the contract by failing to pay appellant $2,491.40 and that such amount was due together with interest accruing thereon at the rate of twelve percent per annum from December 8, 1989. The trial court accordingly dismissed appellee’s pending counterclaim.
Appellant correctly argues Rose Meyero-wich’s claim under the mechanic’s lien statute had expired long before the case proceeded to trial. The application of section 713.22(2), Florida Statutes (1989), automatically extinguished any claim to foreclose the lien after May 4, 1990. In DeToro v. Dervan Investments Ltd. Corp., 483 So.2d 717 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1334 (Fla.1986), this court stated that in partnership litigation:
Each partner is deemed to have an interest in the chose in action and thus is an indispensable party to the suit. Only by joinder of such party can the defendant be protected from possible double liability and the inconvenience and expense of additional litigation. However, not every person who may possibly be a partner is an indispensable party.
Id. at 721 (citation omitted). The court in DeToro concluded the missing partners were not indispensable parties because the statute of limitations had expired on their claims. In Phillips v. Choate, 456 So.2d 556 (Fla. 4th DCA 1984), this court stated:
[A] court ought not to dismiss an action on the grounds of failure to join an indispensable party if dismissal would foreclose the claim of the present plaintiffs and the only adverse result of failure to dismiss is a possible subsequent action against the defendant by the missing party.
Id. at 558 (citation omitted).
Rose Meyerowich’s claim to foreclose the mechanic’s lien had expired by the operation of section 713.22(2), Florida Statutes (1989), before appellee moved to dismiss for failure to join an indispensable party. The trial court, therefore, erred when it determined Rose Meyerowich was an indispensable party as to the mechanic’s lien foreclosure claim.
The trial court also erred when it denied Rose Meyerowich’s motion to intervene prior to the entry of the final judgment. She did not seek to offer any other evidence and only moved to intervene in response to appellee’s claim that she was an indispensable party. Appellee, through its motion to dismiss, acknowledged Rose Meyerowich’s interest in the pending action. Rule 1.230, Florida Rules of Civil Procedure, provides:
Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
In Citibank, N.A. v. Blackhawk Heating & Plumbing Co., Inc., 398 So.2d 984 (Fla. 4th DCA 1981), this court explained:
“[Ijntervention involves an exercise of the chancellor’s discretion and his deter *43 mination will not be disturbed unless error is clearly made to appear.” In determining whether the court has abused its discretion we believe the appropriate test for intervention to be:
[T]hat the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener [sic] will either gain or lose by the direct legal operation and effect of the judgment. ...
Id. at 986 (citations omitted).
The trial court made inconsistent rulings when it first determined Rose Meyerowich to be an indispensable party and then prior to the entry of the final judgment, denied her motion to intervene to cure the defect in the pleadings. Under such circumstances we must hold the trial court abused its discretion. We find no merit in appel-lee’s argument that appellant lacks standing to assert this issue on appeal. The trial court's denial of the motion to intervene resulted in the dismissal of appellant’s claim to foreclose the mechanic’s lien based upon the absence of an indispensable party. This defense would not have been available to appellee had the court granted Rose Meyerowich’s motion to intervene.
Finally, appellee claims the trial court erred when it made factual findings concerning appellee’s breach of the contract with appellant, the amount due under the contract, the date of the breach and the rate at which interest would accrue. When the trial court entered its judgment on appellant’s claims, appellee had a pending counterclaim. The findings of fact related to the contractual relationship between appellant and appellee and furnished the basis for the dismissal of appellee’s counterclaim.
Accordingly, we affirm the trial court’s findings and dismissal of appellee’s counterclaim. We reverse the final judgment of involuntary dismissal and remand this cause with directions to enter such further orders as may be consistent with this opinion and to enter judgment accordingly.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY and STONE, JJ., concur.