PER CURIAM.
Gary Ostoski filed an action below against multiple defendants setting forth various causes of action: fraud in the inducement, breach of fiduciary duty, dissolution of partnership, appointment of a receiver, attorney negligence, and an accounting. The crux of the complaint was that Ostoski was fraudulently induced to invest in two automobile dealerships. The defendants persuaded the trial court to dismiss the complaint because it failed to join an indispensable party, Linda Os- *530 toski, the plaintiffs wife. The defendants’ argument was based on the fact that the complaint showed that the funds which Gary Ostoski used for the investments at issue were obtained from a joint account with his wife. According to the appellate brief of the appellees: “Linda Ostoski was ordered to be added as a party plaintiff aligned with her husband.”
We have elected to treat the notice of appeal filed herein as a petition for certiorari review since the non-final order of dismissal does not qualify for non-final appeal pursuant to Florida Rule of Appellate Procedure 9.180. It does, however, constitute an egregious departure from the essential requirements of law. Cf. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). This is so for two reasons.
First, a trial court has absolutely no authority to order any non-party, over whom it has no in personam jurisdiction, to become a party plaintiff. Secondly, even though the trial court could order Gary Ostoski to join Linda Ostoski as a party defendant (assuming she declined to become a plaintiff) it was clear error in this case to do so since the pleadings before the court furnish no support for the argument that Linda Ostoski is a proper party, much less an indispensable one to this action. According to the complaint, Gary Ostoski severed his tenancy by the entire-ties with Linda Ostoski in regard to their jointly owned funds, as he apparently had the right to do, and used those funds for separate investments in his own name. Given that severance, Linda Ostoski would have no interest in the subsequent investment of those funds. See Beal Bank, SSB v. Almand & Associates, 780 So.2d 45 (Fla.2001). Thus, her joinder would require the needless waste of attorney fees, court costs, and time by an improper party to the litigation.
Accordingly, we grant certiorari review and quash the order of the trial court finding Linda Ostoski to be an indispensable party to this litigation.
CERTIORARI GRANTED, ORDER QUASHED.
THOMPSON, C.J., COBB and PETERSON, JJ., concur.