802 So.2d 498 (2001)
Millard C. GLANCY, Appellant,
v.
FIRST WESTERN BANK, Appellee.
No. 4D01-790.
District Court of Appeal of Florida, Fourth District.
December 26, 2001.
*499 Millard C. Glancy of the Law Office of Millard C. Glancy, Coral Springs, pro se.
M. Scott Kleiman and Penny M. Burke of Kalis & Kleiman, P.A., Davie, for appellee.
STEVENSON, J.
We have for review an order of the trial court dismissing with prejudice appellant's third amended complaint for failure to join an indispensable party. We reverse.
In his third amended complaint, Millard Glancy, an attorney, alleges that he was named as a copayee on a number of checks or drafts issued by insurance companies. As an example, one of the checks attached to the complaint was made payable to "Gerard & Judy Lazarus, individually and as husband and wife, and Millard C. Glancy, their attorney." According to the complaint, a former employee forged Glancy's signature and First Western Bank was negligent in cashing the checks and giving the money to the employee. Glancy asserts that the bank is now liable to him under section 672.4201, Florida Statutes (2000), pertaining to conversion of instruments.[1] The trial court granted First Western Bank's motion to dismiss on the grounds that Glancy had failed to join as plaintiffs the other individuals named as copayees on the checks and that these copayees were indispensable parties.
Florida law defines "indispensable parties" to a lawsuit as "`[p]ersons who have not only an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" Phillips v. Choate, 456 So.2d 556, 557 (Fla. 4th DCA 1984)(quoting Shields v. Barrow, 58 U.S. (17 How.) 130, 15 L.Ed. 158, 160 (1854)). In Phillips, Herbert and Annette Phillips, along with their son Mark, filed a complaint against Arthur Choate. The complaint alleged that all of the named parties entered into a written agreement relating to the disposal of real property *500 that belonged to the parties. According to the contract, Choate was supposed to sell the property and distribute the proceeds between himself and the Phillipses. The Phillipses became suspicious of Choate's intentions and brought an action for declaration of a constructive trust on the proceeds from the sale of the property. The initial complaint was dismissed as to Mark Phillips as a sanction for failing to attend a deposition. Subsequently, Herbert and Annette Phillips filed an amended complaint against Choate, and this time, Herbert alleged that he was filing the suit as Mark's agent, and that, pursuant to a power of attorney, he had assigned to himself Mark's interest in the property. By this time, Mark Phillips had become a "fugitive from justice" and was "not available." 456 So.2d at 557. The trial court granted Choate's motion for summary judgment on the ground that the amended complaint failed to include an indispensable party Mark Phillips.
On appeal, this court quickly disposed of the power of attorney issue, noting that the agreement prohibited any assignment without the express written consent of all of the parties. Id. The court then addressed the principal question in the case, i.e., whether Mark Phillips, a joint obligee, was an indispensable party to the action for imposition of a trust on the proceeds of any sale of the property referred to in the agreement. The court stated,
While at common law the general rule was that all parties having a joint interest in the subject of a contract action had to be joined as plaintiffs, see 39 Fla. Jur.2d Parties § 13, it is not now always the case that inability of some joint obligees to join another obligee requires dismissal for failure to join an indispensable party.
There is perhaps good reason for joinder of all joint obligees where that is feasible. In either case completeness of judgment and avoidance of unnecessary litigation will be furthered, in the social interest. In the case of joint obligees, their joinder will also protect the defendant from undue harassment. He has incurred only a single obligation and should be sued only once for it. But while these reasons are entitled to weight, they scarcely warrant the denial of substantive justice to the present obligees, or to obligees who can find only some of their joint obligors. And none of the other considerations listed above apply; absentees will not be prejudicially affected, nor will present parties by a judgment which does not bind absentees (except only as this leaves the floor open to further suits). There is then no justification for a rule which will stop the action for want [of] unavailable joint obligors or joint obligees.
James, Necessary and Indispensable Parties, 18 U. of Miami, L.R. 68, 84 (emphasis added).
456 So.2d at 558.
The court in Phillips looked beyond Mark's legal status as a joint obligee, examined the facts of the case, and held that Mark Phillips was not an indispensable party since it appeared that the litigation could proceed without him and "the only harm to Choate in the event [the] litigation continues without Mark, and Choate prevails, is that Choate may have to face subsequent litigation by Mark on substantially the same claim his parents make." Id. Here, too, the question to be asked is not whether the lawsuit should proceed without the missing parties, but rather whether the lawsuit can proceed without them. While the interests of judicial economy may be served by joining the other copayees named in the sued-upon *501 checks, we simply cannot agree that this litigation cannot proceed in their absence. The absence of these other copayees does not preclude the litigation of whether First Western Bank was negligent in cashing the checks; and, the statute itself limits a plaintiff's recovery to the amount of his or her interest in the instrument. See § 673.4201(2), Fla. Stat. Moreover, while First Western Bank expresses concern that if it should prevail in the litigation initiated by Glancy, then the rights of the non-named copayees may be adjudicated "against their interests and without their participation," the doctrines of res judicata and collateral estoppel require an identity of parties. See Essenson v. Polo Club Assocs., 688 So.2d 981, 983 (Fla. 2d DCA 1997). Accordingly, we reverse the order of dismissal and remand for further proceedings.
REVERSED and REMANDED.
TAYLOR, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] (1).... An instrument is also converted if... a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by:

(a) The issuer or acceptor of the instrument; or
(b) A payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee. (2) In an action under subsection (1), the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the Plaintiff's interest in the instrument.
§ 673.4201(1)-(2), Fla. Stat. (2000).