PER CURIAM.
Appellants contend that the trial court erred in dismissing their third amended complaint with prejudice on the grounds that it was inconsistent with the prior pleadings and that it failed to name indispensable parties. We agree and reverse on both points.
The parties in this case established various business entities and entered into agreements to own and operate three adult video stores. Alleging that appellees wrongfully denied them their share of the profits from these businesses, appellants sued appellees for breach of contract and breach of fiduciary duty.

Indispensable Parties.

Appellees moved to dismiss the third amended complaint, contending that appellants failed to name certain indispensable parties, i.e., two limited companies, one corporation, and an individual, because they had been “specifically referenced in the third amended complaint but not named as parties.”
*712 Florida law defines “indispensable parties” to a law suit as “ ‘[pjersons who have not only an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.’ ” Glancy v. First W. Bank, 802 So.2d 498 (Fla. 4th DCA 2001)(quoting Phillips v. Choate, 456 So.2d 556, 557 (Fla. 4th DCA 1984)).
Based on the pleadings in this case, we conclude that the business entities and individual who were not named as defendants do not have an interest in this lawsuit such that a final judgment could not be rendered without affecting their interests. The pleadings do not assert that any of the unnamed entities are parties to the oral agreement allegedly breached. Further, no relief of any kind is sought against them. Two of the businesses simply own real estate upon which the parties’ video stores are located. Another unnamed company was allegedly wrongfully paid excessive fees by appellees for bookkeeping services. The complaint, however, seeks damages only from those named defendants who allegedly misappropriated monies due appellants. In light of the above, we conclude that the trial court erred in dismissing the third amended complaint with prejudice for failure to name indispensable parties.

Departure of pleading

Appellees also sought dismissal on the ground that certain facts and claims asserted in the third amended complaint were inconsistent with facts and claims that had previously been alleged.
The trial court expressed concern that appellants had “shifted gears in midstream.” Initially, appellants alleged the existence of written contracts that governed the parties’ relationships and agreements. In the third amended complaint, appellants alleged that appellees breached an oral agreement that the three individual partners would share equally in the profits.
Appellees argued below that the concept of “departure of pleading” applied. In Dimick v. Ray, 774 So.2d 830, 834-35 (Fla. 4th DCA 2000), we recently discussed that concept. We stated:
In Lopez [v. Avery, 66 So.2d 689 (Fla.1953)], the court noted the then-prevailing law that an amendment to a pleading which stated an entirely different claim from the original complaint would be subject to a motion to dismiss by the defendant.
[T]he law is that a departure in pleading occurs when a party quits or departs from the case or defense which he has first made and resorts to another which gives rise to a wholly distinct and different legal obligation against his adversary.
[[Image here]]
The concept of “departure of pleading” as discussed in Lopez must be considered in light of the modern Florida Rules of Civil Procedure. These rules encourage the assertion of all available causes of action and claims against a defendant in one lawsuit. To avoid prejudice from the trial of several distinct causes of action against a defendant, the trial court is given broad authority to order the separate trial of issues or claims. The decided preference of the modern rules for all claims to be brought in one action, coupled with the allowance for the liberal amendment of complaints, makes plain that the “departure” concern expressed in Lopez is only viable where allowing the amendment will prejudice the defendant.
774 So.2d at 834 (citations omitted).
Appellants have all along alleged that appellees breached an agreement to share *713 equally in the profits. The only difference is that the third amended complaint does not rely upon any written instrument for their claim. The legal obligation of appel-lees, however, is alleged to be the same. Moreover, it is difficult to accept appellees’ argument that they would suffer prejudice, where the case has not proceeded beyond the pleading stated. See generally Dimick, 774 So.2d at 884 (concluding that because the case was still at the summary judgment stage, additional time for preparation would cure prejudice resulting to defendants).

Equitable estoppel.

Finally, we find appellees’ equitable es-toppel argument to be without merit. See Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990)(discussing that equitable estop-pel applies when the previous position has been asserted successfully).
REVERSED and REMANDED for further proceedings consistent with this opinion.
GUNTHER, KLEIN and TAYLOR, JJ., concur.