Dear Mr. Goren:
On behalf of the City of Pembroke Pines, you ask substantially the following question:
May the City of Pembroke Pines hold an attorney-client session under section 286.011(8), Florida Statutes, to discuss pending litigation where the named defendant is a city employee who is fully indemnified by the city and the city is responsible for the full cost and coordination of the defense, but the city is not a named party?
In sum:
When the City of Pembroke Pines is a real party in interest of a pending lawsuit, it may conduct a closed attorney-client session under section 286.011(8), Florida Statutes, to discuss the pending litigation, despite not being a named party at the time of the meeting.
You state that the City of Pembroke Pines currently operates seven charter schools, with the city manager serving as the superintendent of the city's charter school system. A suit has been filed against one of the principals in his individual capacity. The principal, as a city employee, is fully indemnified under the city's charter for damages arising out of any act, event, or omission in the scope of his employment. The city is coordinating the principal's legal defense and is bearing the full cost of the suit. You identify the city as an indispensable party to the lawsuit. As the city's attorney, you wish to meet with the city commission pursuant to section 286.011(8), Florida Statutes, to discuss potential defense strategies for the principal.
Initially, I would note that while you are the city's attorney, in this instance, you indicate that you are representing the charter school principal as an individual. The Florida Bar Rules of Professional Conduct regarding attorney-client privilege may preclude your discussing certain matters with others.[1] It may be advisable to contact The Florida Bar regarding the confidentially of information relating to your representation of the principal and discussing such information with the city commission. You have characterized the city as an indispensable party to the lawsuit. There may be questions, therefore, as to whether the lawsuit should proceed without the city's participation in the suit. Florida law defines "indispensable parties" to a law suit as "persons who have not only an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."[2] The determination of whether the city is an indispensable party is one that should be addressed by the court in the instant case in a properly filed motion.[3]
Relative to your ability to request a closed meeting with the city commission, section 286.011(8), Florida Statutes, provides:
"Notwithstanding the provisions of subsection (1), [4] any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pendinglitigation to which the entity is presently a party before a court or administrative agency, provided the following conditions are met:
(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.
(b) The subject matter of the meeting shall be confined to settlementnegotiations or strategy sessions related to litigation expenditures.
(c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting.
(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.
(e) The transcript shall be made part of the public record upon conclusion of the litigation." (e.s.)
This office has narrowly interpreted the application of section286.011(8), Florida Statutes. As was recognized in Attorney General Opinion 95-06:
"Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney. The exemption is narrower than the attorney-client communications exception recognized for private litigants. Only discussions on pending litigation to which the public entity, . . . is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures."[5]
Florida courts have strictly construed the provisions of section286.011(8), Florida Statutes. For example, in City of Dunellon v. Aran,[6] the court found that the city council's failure to announce the names of the attorneys participating in the closed attorney-client session did not comply with the requirements of section 286.011(8). Rejecting the city's claim that it substantially complied with the statute when the mayor announced that attorneys hired by the city would attend the session but did not give the names of the individuals, the court found the city's action to be in violation of the Sunshine Law.
In School Board of Duval County v. Florida Publishing Company, [7]
the district court concluded that only those persons listed in section286.011(8), Florida Statutes, could attend the closed attorney-client meeting. As the court noted:
"This act simply provides a governmental entity's attorney an opportunity to receive necessary direction and information from the government entity. No final decisions on litigation matters can be voted on during these private, attorney-client strategy meetings. The decision to settle a case, for a certain amount of money, under certain conditions is a decision which must be voted upon in a public meeting."[8]
You have cited to Attorney General Opinion 2008-17 as support for the city commission to hold a closed-door meeting, despite not being a named party. In that opinion, the board of commissioners of a health care district wished to hold a closed attorney-client meeting to discuss settlement negotiations and strategies related to litigation expenditures for pending litigation in which a wholly-owned subsidiary holding company was the named party. The district created the holding company as a not-for-profit corporation for certain charitable, scientific, and educational purposes and the district was its sole member. Notably, while the district had delegated substantial powers to the corporation, the district had retained the authority to approve litigation expenditures. Based on the relationship between the district and the corporation and the oversight exercised by the district over the corporation, it was represented to this office that the health care district was frequently the real party in interest in litigation in which the holding company was a named party. Moreover, the district frequently joined as a named plaintiff in litigation with the holding company in recognition of the relationship.
The opinion concluded that in those situations where the district was a real party in interest in litigation, then, under the rationale of Brownv. City of Lauderhill, [9] the health care district was entitled to hold private meetings for settlement negotiations or strategy sessions related to litigation expenditures pursuant to section 286.011(8), Florida Statutes.
In the Brown case, an ethics charge was brought against the mayor of a city. All claims against the mayor were dismissed and the city filed a claim for attorney's fees against the original complainants alleging that the charges were frivolous and brought with malicious intent. The claim for attorney's fees was brought in the name of the mayor although it was the city's attorney who had defended the mayor against the ethics charge. The city and its attorney had met in private pursuant to section286.011(8), Florida Statutes, to discuss litigation strategy and the appellants alleged that, since the city was not a named party to the litigation, the meeting violated Florida's open government laws.
The Fourth District Court of Appeal reviewed the record and determined that the city was the real party in interest on the attorney's fee claims. The court noted that although the mayor was the named party in all the proceedings, the city had retained its attorney to defend the charges and to prosecute the attorney's fee action. It was concluded that although the city was not a named party in the attorney's fee litigation at the time the city held the meeting with its counsel pursuant to section 286.011(8), Florida Statutes, the city's interest dictated that it would soon be involved in litigation necessary to protect or enforce its interest in the fee.
Ultimately, it would appear that the ability of the city in this instance to hold a closed meeting pursuant to section 286.011(8), Florida Statutes, depends upon its status as a real party in interest. The city's charter states that it will undertake the expense of providing for the defense of any city official, officer, or employee, and to provide legal representation by the city attorney. The city assumes responsibility for all attorney fees and suit costs in any suit, except one filed by the city, against a city official, officer, or employee in the performance of their official duties. In the event there is a final determination that the official, officer, or employee is found to have committed a malicious, willful or wanton act, or an act in bad faith or beyond the scope of his or her official duties or capacity, the city reserves the right to seek reimbursement of any legal fees or costs paid by the city.[10]
Accordingly, it is my opinion, based upon the rationale of Brown v.City of Lauderhill, that when the City of Pembroke Pines is a real party in interest of a pending lawsuit, it may conduct a closed attorney-client session under section 286.011(8), Florida Statutes, to discuss settlement negotiation or strategy regarding litigation expenses, despite its not being a named party at the time of the meeting.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See Rule 4-1.6, Rules Regulating the Florida Bar, Confidentiality of Information.
[2] Glancy v. First Western Bank, 802 So. 2d 498 (Fla. 4th DCA 2001), quoting Phillips v. Choate, 456 So. 2d 556, 557 (Fla. 4th DCA 1984).
[3] See Rule 1.140, Fla.R.Civ.P.
[4] Section 286.011(1), Fla. Stat., provides:
"All meetings of any board of commission of any state agency or authority or of any agency or authority of any county, municipal corporation, . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."
[5] See also Ops. Att'y Gen. Fla. 04-35 (2004) (s. 286.011[8]'s application is limited to pending litigation; it does not apply when no lawsuit has been filed even though the parties involved believe litigation is inevitable); 98-21 (1998) (had the Legislature intended to extend the exemption to include impending or imminent litigation as well as pending litigation, it could have easily so provided as it did in s. 119.071[1][d]1., Fla. Stat.).
[6] 662 So. 2d 1026 (Fla. 5th DCA 1995).
[7] 670 So. 2d 99 (Fla. 1st DCA 1996). And see Zorc v. City of VeroBeach, 722 So. 2d 891 (Fla. 4th DCA 1998), rev. denied, 735 So. 2d 1284
(Fla. 1999).
[8] 670 at 100, quoting Staff of Fla. H.R. Comm. on Government Operations, CS/HB 491 (1993) Final Bill Analysis Economic Impact Statement at 3. But see Op. Att'y Gen. Fla. 2008-42 (qualified interpreter may attend collegial body executive sessions to interpret for hearing impaired board members of the Florida School for the Deaf and the Blind without violating the terms of section 286.011(8), Florida Statutes).
[9] 654 So. 2d 302 (Fla. 4th DCA 1995).
[10] Section 33.14(A) — (D), City of Pembroke Pines Code of Ordinances.