ROTHENBERG, J.
 

 The sole issue on appeal is whether the Republic of Argentina (“Argentina”) is an indispensable party to thé lawsuit filed by GMI, LLC (“GMI”) against Asociación del Fútbol Argentino (“AFA”), the governing body of football (soccer) in Argentina. For the reasons that follow, we conclude that Argentina is an indispensable party and Argentina cannot be joined as a party because it is immune from suit under the Foreign Sovereign Immunities Act (“FSIA”). Thus, the trial court properly dismissed GMI’s action, and we affirm.
 

 I. FACTUAL AND PROCEDURAL HISTORY
 

 GMI filed an amended complaint against AFA, alleging causes of action for breach of contract and, in the alternative, unjust enrichment, fraud in the inducement, and tortious interference. These causes of action were based on the following alleged facts. On January 13, 2007, GMI and AFA entered into a one-page Exclusive Authorization Agreement (“Agreement”) granting GMI the exclusive right to market, negotiate, and execute a deal for the sale of AFA’s football media rights for a period of twenty years starting in the 2014/2015 football season. The translated Agreement, which was attached to the amended complaint, provides as follows:
 

 The parties expressly state that the AFA will not pay any compensation for the work .performed. The AFA will reach an agreement with the buyer on the financial compensation due GMI for organizing the transaction, as well as the way in which this will be implemented (i.e., cash, shareholding, etc.).
 

 In March 2009, GMI met with Argentina’s then Minister of Justice, and during that meeting, GMI proposed that Argentina purchase AFA’s football media rights. Following this meeting, AFA instructed GMI to pursue the opportunity further. In response to AFA’s directive, GMI allegedly conducted several meetings with Argentina’s then Minister of Economy in July 2009 regarding Argentina’s purchase of AFA’s football media rights. Immediately thereafter, Argentina’s Minister of Economy presented the proposal to Argentina’s then president, who subsequently “green lighted” the idea and appointed Argentina’s Minister of Justice to run the project for the Argentine government. GMI alleges that AFA then orchestrated a meeting at the presidential residence
 
 *62
 
 ■without GMI presence, and at this meeting, AFA informed Argentina that GMI did not have to participate in the meeting and would have no further involvement. On August 20, 2Ó09, AFA executed a Partnership Agreement, which created a partnership between AFA and a group of Argentine government entities, wherein AFA assigned its football media rights' to these Argentine government entities for a period'of ten years for compensation. '
 

 GMI alleged that it was the procuring cause of the Partnership Agreement, and based on the Agreement between AFA and GMI, AFA knew that GMI was entitled to compensation for procuring the Partnership Agreement between AFA and the Argentine government entities. GMI also alleged that AFA failed arid/or refused to perform its obligations under the Agreement, and prior to entering into the Agreement, AFA knew that it would ultimately cut GMI out of any negotiated arrangement. Lastly, GMI alleged that it was seeking compensation and damages only against AFA, and that, in this action, it was not seeking any relief, compensation, or damages from Argentina.
 

 AFA filed a motion to dismiss GMI’s amended complaint, arguing, in part, that the action must be dismissed for lack of subject matter jurisdiction. Specifically, AFA argued that based on the allegations set forth in GMI’s amended complaint and its attachments, Argentina is an indispensable party to the action,
 
 [1]
 
 and because Argentina cannot be joined given its sovereign immunity under the FSIA, dismissal of the action in its entirety is required under the United States Supreme Court’s decision in
 
 Republic of Philippines v. Pimentel,
 
 553 U.S. 851, 128 S.Ct. 2180, 171 L.Ed.2d 131 (2008).
 
 [2]
 

 At the hearing on AFA’s motion to dismiss the amended complaint, the trial court granted AFA’s motion to dismiss without leave to amend based on its finding that Argentina is an indispensable party, and subsequently entered an amended final .order granting AFA’s; motion to dismiss the amended complaint without leave to amend and dismissing GMI’s action. GMI’s appeal followed.
 

 II. ANALYSIS
 

 “[A]n indispensable party is one whose interest in the controversy makes it impossible to completely adjudicate the matter without affecting either that party’s interests or the interest of another party in the action.”
 
 Diaz v. Impex of Doral, Inc,,
 
 7 So.3d 591, 594 (Fla. 3d DCA 2009);
 
 see also Fla. Dep’t of Revenue v. Cummings,
 
 930 So.2d 604, 607 (Fla.2006). Based on this standard, AFA argues, and we agree, that the trial court correctly determined that Argentina is an indispensable party based on two separate but equally compelling reasons.
 

 First, the Agreement between GMI and AFA specifically provides that AFA will not pay any compensation for work performed by GMI, and .that GMI will be compensated for its efforts by the buyer of AFA’s football media rights. GMI has alleged that it is the “procuring cause” of the Partnership Agreement between AFA and the Argentine government entities, and therefore, the Argentine government
 
 *63
 
 entities, as the buyer of- AFA’s football media rights, would be responsible for paying any compensation due to GMI. Therefore, any decision rendered in this action will affect Argentina’s interests.
 

 Second, GMI alleged .in its amended complaint that AFA and a group of Argentine government entities, entered into the Partnership Agreement, whereby AFA assigned its football media rights to these entities, and these Argentine government entities agreed to pay .AFA directly. Based on these allegations, if judgment is ultimately entered against AFA and in favor of GMI, because Argentina and AFA are partners, Argentina will be directly affected by the final judgment.
 
 See Meyerowich v. Carrere Gen. Contractors, Inc.,
 
 611 So.2d 41, 42 (Fla. 4th DCA- 1992) (“Each partner is deemed to have an interest in the chose in action and thus is an indispensable party to the suit:”) (quoting
 
 DeToro v. Dervan Invs. Ltd. Corp.,
 
 483 So.2d 717, 721 (Fla. 4th DCA 1985),
 
 review denied,
 
 492 So.2d 1384 (Fla.1986)).
 

 III. CONCLUSION
 

 As the trial court properly determined that Argentina is an indispensable 'party that cannot be joined based on its sovereign immunity under the FSIA, and GMI has acknowledged that if Argentina is an indispensable party, dismissal of the action in its entirety is required under
 
 Pimentel,
 
 we affirm the order under review that grants AFA’s motion to dismiss GMI’s amended complaint without leave to amend and dismisses GMI’s action..
 

 Affirmed.
 

 [1]
 

 . Florida Rule of Civil Procedure 1.140(b)(7) provides that the defense of failure to join indispensable parties may be made by motion at the option of the pleader.
 

 [2]
 

 . In
 
 Pimentel,
 
 the United States Supreme Court held that "where sovereign immunity is asserted, and the claims of the sovereign are not frivolous-, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign.” 553 U.S. at 867, 128 S.Ct. 2180.