DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TILLMAN NATURE PRESERVE LLC, a Florida limited
liability company,

Petitioner,

v.

DANIEL BABUSH, an individual; DAYFLOWER JV, LLC, a
Florida limited liability company; SERGIO ATANES, an
individual; IRENE ATANES, an individual; MARK PARKER, an
individual; JEANETTE SCHMITT, an individual; RUSS
SCHMITT, an individual; CINDY ZIRKLER, an individual;
JOHNATHAN LUDWIG, an individual; ASHLEIGH LUDWIG,
an individual; MICHAEL RICCIARDI, an individual; KRISTINE
RICCIARDI, an individual; ANTHONY RICCIARDI, an
individual; RICHARD SQUIRES, an individual; PETRA
SQUIRES, an individual; ANNETTE THOMPSON, an
individual; MARQUITA DAVIS, an individual; WILLIAM DIAL,
an individual; SYLVIA DIAL, an individual; CHRISTINA
CRIBBS, an individual; ERICK CRIBBS, an individual; and
PASCO COUNTY, FLORIDA,

Respondents.

No. 2D2024-1264

_____

May 21, 2025

Petition for Writ of Certiorari to the Circuit Court for Pasco County;
Kimberly Sharpe Byrd, Judge.

Michael J. Bayern and Stephanie M. Martin of Lieser Skaff, PLLC,
Tampa, for Petitioner.

Matthew G. Davis and R. Max McKinley of Paskert Divers Thompson, Tampa, for Respondent Dayflower JV, LLC.

Tiffani K. Thornton of The Law Office of Tiffani K. Thornton, Tampa, for Respondents Christina Cribbs and Erick Cribbs.

No appearance for remaining Respondents.

LUCAS, Judge.

Tillman Nature Preserve LLC (TNP) seeks a writ of certiorari to quash the circuit court's order dismissing TNP's quiet title complaint. The circuit court had determined that TNP's complaint failed to join indispensable parties. We grant the petition for the reasons set forth below.

I.

John and Leslie Tillman had purchased a narrow parcel of property in Pasco County that includes a private road known as Sandy Lane (which we will refer to as the Sandy Lane Property). In this aerial picture, the relevant portion of the Sandy Lane Property is depicted in the upper right quadrant running diagonally from the upper right corner to about the center of the picture.



The Tillmans received title to the Sandy Lane Property via three quitclaim deeds. For reasons not apparent in our record, the Tillmans thought it necessary to initiate a quiet title action in the Pasco County Circuit Court, case number 2022-CA-001125 (which we will call the First Quiet Title Action). One of the defendants in that lawsuit, Pasco County, filed a motion to dismiss for failure to join indispensable parties, which the County argued were fourteen adjacent or nearby landowners to the Sandy Lane Property who utilized the road. The circuit court granted Pasco County's motion, and the Tillmans filed an amended complaint naming those parties as defendants.[1] However, that dismissal order is not before us.

The Tillmans subsequently transferred ownership of the Sandy Lane Property to TNP, a limited liability company that they had formed. TNP then initiated a new quiet title lawsuit, case number 2023-CA-003700, which, as amended, named twenty-two defendants. We will refer to this lawsuit as the Second Quiet Title Action. As is clear from the allegations throughout the Second Quiet Title Action, TNP sought only to quiet title in its favor as to the Sandy Lane Property; it explicitly disclaimed any relief or redress concerning any easements or rights of access over the Sandy Lane Property. Nevertheless, one of the defendants, Dayflower JV, LLC, filed a motion to dismiss, which argued that TNP had again failed to join indispensable parties. This time, the indispensable parties were TNP's predecessors in interest, John and Leslie Tillman, as well as Edna Poche, a nearby landowner who is now

_____

[1] The argument before the circuit court in the First Quiet Title Action, which the presiding judge apparently accepted, was that the adjacent landowners to the Sandy Lane Property were indispensable since their rights to use the property might be impacted by the plaintiffs' quiet title claim.

3

deceased.  The circuit court, following the reasoning of the judge in the First Quiet Title Action that all adjacent landowners needed to be sued, entered an order dismissing TNP's amended complaint in the Second Quiet Title Action.  That dismissal order is the subject of the petition now before us.

## II.

The Florida Supreme Court summarized the standard for certiorari in *University of Florida Board of Trustees v. Carmody*, 372 So. 3d 246, 252 (Fla. 2023):

> [T]he district court must answer "yes" to these questions: Has there been "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal[?]"  [*Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)] (quoting *Reeves* [*v. Fleetwood Homes of Fla. Inc.*, 889 So. 2d 812, 822 (Fla. 2004))].  The last two prongs together are "referred to as irreparable harm."  *Nader* [*v. Fla. Dep't of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 721 (Fla. 2012)].  They are also "jurisdictional and must be analyzed before the court may even consider the first [prong]."  *Williams*, 62 So. 3d at 1132.

(Second and sixth alterations in original.)  *See also Est. of Quinn v. CCRC OPCO Freedom Square LLC*, 320 So. 3d 300, 303 (Fla. 2d DCA 2021); *Hett v. Barron-Lunde*, 290 So. 3d 565, 569 (Fla. 2d DCA 2020).  We will address the jurisdictional prongs of certiorari first.

## A.

Ordinarily, the plaintiff is said to be the "master of its complaint." *See Am. Int'l Grp., Inc. v. Cornerstone Bus., Inc.*, 872 So. 2d 333, 338 (Fla. 2d DCA 2004); *see also Restless Media GmbH v. Johnson*, 704 F. Supp. 3d 1288, 1296 (S.D. Fla. 2023) ("As a general matter, it is well settled that the plaintiff is the master of its complaint." (quoting *Hill v. Bell S. Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004))).  That is, the

plaintiff will generally have the discretion to decide who it wants—or does not want—to sue and the scope of relief the plaintiff wants to pursue against the defendants it decides to name. Florida Rule of Civil Procedure 1.250(c) authorizes named parties in a civil lawsuit to have additional nonparties joined to the action.[2] When nonparties have a sufficient interest in the outcome of a civil action such that they can be joined under rule 1.250, they are referred to as either "proper" or "necessary" parties. *See State, Dep't of Educ. v. Glasser*, 622 So. 2d 1003, 1006 (Fla. 2d DCA 1992) ("A proper party is one who has an interest in the subject matter of the action, but whose absence will not prevent a judgment determining the issues between the parties."), *rev'd sub nom., Fla. Dep't of Educ. v. Glasser*, 622 So. 2d 944 (Fla. 1993); *Sudhoff v. Fed. Nat'l Mortg. Ass'n*, 942 So. 2d 425, 427 (Fla. 5th DCA 2006) ("[N]ecessary parties [are those] who have an interest in a suit and ought to be made parties, but who do not have to be joined before a final decision may be rendered."); *see also Everette v. Fla. Dep't of Child. & Fams.*, 961 So. 2d 270, 273 (Fla. 2007) ("It is a longstanding principle of Florida law that '[a]ll persons materially interested in the subject matter of a suit and who would be directly affected by an adjudication of the controversy are necessary parties.' " (alteration in original) (quoting *W.F.S. Co. v. Anniston Nat'l Bank of Anniston, Ala.*, 191 So. 300, 301 (Fla. 1939))); *Y.H. v. F.L.H.*, 784 So. 2d 565, 569 (Fla. 1st DCA 2001) ("By definition, a necessary party is a proper party."). A trial court has broad discretion over the joinder of "necessary" nonparties, but—and this is an important point—regardless of the trial court's decision, the plaintiff's

---

[2] *See* Fla. R. Civ. P. 1.250(c) ("Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just."). A separate rule, rule 1.230, allows nonparties to intervene voluntarily in a pending civil lawsuit.

case can still proceed forward, and the plaintiff maintains its prerogative to shape the scope of relief it seeks in its complaint. *See Phillips v. Choate*, 456 So. 2d 556, 557 (Fla. 4th DCA 1984) (defining "necessary" parties as those "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it" (alteration in original) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854))).

An indispensable party is different. While necessary parties *may* be joined to a civil action, an indispensable party *must* be joined, failing which the plaintiff's complaint cannot proceed any further. *See Glancy v. First W. Bank*, 802 So. 2d 498, 500 (Fla. 4th DCA 2001) (reversing trial court's dismissal for failure to join an indispensable party and observing that "[h]ere, too, the question to be asked is not whether the lawsuit should proceed without the missing parties, but rather whether the lawsuit *can* proceed without them"); *Phillips*, 456 So. 2d at 558–59 (reversing trial court's granting of summary judgment for failure to join an indispensable party when litigation could proceed without said party). Deeming a party "indispensable" carries a profound effect in a civil lawsuit: the plaintiff's right to seek redress[3] against the defendants it chose to sue is stymied unless and until it sues the indispensable nonparty. *See Glancy*, 802 So. 2d at 500; *Phillips*, 456 So. 2d at 557–58.

Here, that dilemma is exacerbated by the fact that two of the purportedly indispensable parties who would have to be joined as

---

[3] *See* art. I, § 21, Fla. Const. ("Access to courts.—The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.").

6

defendants appear to be principals of the plaintiff and its predecessors in title, neither of whom sought to intervene in the litigation. Moreover, as we will discuss in depth in the next subsection, none of the three parties the circuit court ordered to be joined were indispensable to TNP's quiet title action. Indeed, the breadth of the circuit court's view of what constitutes an indispensable party—essentially, any and everyone who might be adjacent to the Sandy Lane Property—seems to leave TNP in a quandary to figure out precisely who it will eventually have to sue just to keep the courthouse doors open.[4]

In *Ostoski v. Cianfrogna*, 789 So. 2d 529, 530 (Fla. 5th DCA 2001), the Fifth District exercised certiorari jurisdiction to quash an order that determined a plaintiff's wife was an indispensable party to his fraud lawsuit. And in *Barkett v. Hotsy Corp.*, 399 So. 2d 385, 385–86 (Fla. 3d DCA 1981), the Third District granted certiorari and quashed an order that required a plaintiff who sought the issuance of a stock certificate to include the defendant that was alleged to have wrongfully received the issued shares. So, too, we conclude that TNP will suffer irreparable harm if it were prohibited from seeking relief in its quiet title action without naming the Tillmans or the Estate of Edna Poche. We have certiorari jurisdiction.

B.

We turn now to the remaining inquiry for certiorari, whether the circuit court's order constitutes a departure from the essential requirements of law. All parties agree that the order below hinges upon the court's determination that the Tillmans and the Estate of Edna Poche

---

[4] All the more so, given the seriatim manner in which these purportedly indispensable parties have been argued between the First and Second Quiet Title Actions.

7

were indispensable parties. Whether a party is "indispensable" versus merely "necessary" is a contextual inquiry that turns on the allegations of the pleadings and the causes of action asserted. *See Mazza v. Santoni*, 855 So. 2d 710, 712 (Fla. 4th DCA 2003) ("*Based on the pleadings in this case*, we conclude that the business entities and individual who were not named as defendants do not have an interest in this lawsuit such that a final judgment could not be rendered without affecting their interests." (emphasis added)); *Phillips*, 456 So. 2d at 557–58 ("To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts that matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." (quoting *Provident Tradesmens B & T Co. v. Patterson*, 390 U.S. 102, 119 (1968))).[5]

The sole count of TNP's amended complaint seeks to quiet title to the Sandy Lane Property, a cause of action authorized under chapter 65 of the Florida Statutes. The text of the pertinent quiet title statutes in chapter 65 do not describe any indispensable parties, as such. Rather, the legislature has left it to plaintiffs to decide which parties they wish to adjudicate their title claims against. *See generally* § 65.041, Fla. Stat. (2022) ("No person not a party to the [quiet title] action is bound by any judgment rendered adverse to his or her interest . . . ."); *Sparling v. Boca Raton Land Dev., Inc.*, 438 So. 2d 413, 414–15 (Fla. 4th DCA 1983) (holding that former corporate officer and shareholder who had conveyed property on behalf of a corporation was not an indispensable party to the

---

[5] It is perhaps unfortunate that our common law has evolved in such a way that a critical legal distinction must be drawn between two seemingly synonymous terms, "necessary parties" and "indispensable parties." But we must work with the nomenclature we have been given.

8

corporation's quiet title lawsuit because "[t]he statute removes the binding nature of an adverse quiet title judgment on a non-party"); *Dunn v. Stack*, 394 So. 2d 1076, 1077 (Fla. 1st DCA 1981) ("In a quiet title action, a person who is not a party to the action is not bound by any judgment rendered adverse to his interest.").

Looking, then, at the operative complaint, TNP has not sought to affect any claim or interest in title that the Tillmans or the Estate of Edna Poche might have. Under section 65.041, by omitting those parties as defendants, whatever title interests these three parties might have held or retained in this property wouldn't be affected by any judgment TNP might obtain. And to the extent any of these three parties enjoy some nontitle property interest in the Shady Lane Property, such as an easement or other kind of license, those interests could not be affected by TNP's quiet title claim because TNP sought no such relief in its pleading.

III.

We conclude that requiring TNP to name its principals, Mr. and Mrs. Tillman, and the Estate of Edna Poche as indispensable party defendants to TNP's quiet title claim warrants the exercise of our certiorari jurisdiction. Because the circuit court's order constituted a departure from the essential requirements of law, we grant TNP's petition and quash the order dismissing TNP's complaint.

Petition granted; order quashed.

ATKINSON and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

9